SAMUEL A. MAVERICK v. JOSE MARIA SALINAS.

Where a judgment is offered in evidence, it cannot be objected, to the admissibility thereof, that it was obtained by fraud, for the reason that the question of fraud in obtaining the judgment depends on evidence extrinsic of the judgment itself, and is for the Jury, not the Court, to decide.

The purchaser at a Sheriff's sale is only required to give in evidence the entry of the judgment of the District Court, to lay the foundation for the introduction of the execution and Sheriff's deed ; if the adverse party, in such a case, desires to object to the jurisdiction of the Court rendering such judgment, he must bring before the Court the proceedings anterior to the judgment. (In this case, the judgment had been offered in evidence in the same Court where it was rendered, and had been rejected.)

Our Statute of Limitations contains no exception in favor of persons " beyond seas " or out of the limits of the State.

Quere, Whether the Statute of Limitations, in this State, runs against an alien enemy ?

Appeal from Bexar.    Action of trespass to try title, commenced September 18th, 1847, by Jose Maria Salinas against Samuel A. Maverick.    The defendant pleaded not guilty, and the Statute of Limitations of three and five years.    The plaintiff died, and his legal representative was made a party.    The plaintiff proved title in his intestate.    Defendant offered in evidence, first, the record of a judgment rendered by the District Court of Bexar county, in the year 1839, against Jose Maria Salinas, at the suit of and in favor of A. M. Vaun.— Plaintiff objected to the introduction of the record, because the judgment was fraudulently obtained, and because the defendant therein had no legal notice of the suit, and was, therefore, void.    The Court heard the record read, and the objection being argued, it was sustained, and the record excluded from the jury ; to which ruling the defendant excepted.

SAMUEL M. WILLIAMS, Att'y for ⎫   On writ of enquiry to as-
      Andrew M. Vaun,    ⎪ sess damages, etc., this case
           vs.           ⎰ came on to be tried, and the
    JOSE MARIA SALINAS.   ⎭ jury, as summoned, were
called and came, to wit :" etc. The entry continued in the
usual form in such cases, being a verdict and judgment for
$4,752.

Defendant then introduced his affidavit, and an endorsement
thereon by the plaintiff's counsel, as follows :

Defendant, Maverick, comes into Court and makes oath
that he has held by a peaceable, adverse possession, for the
space of five years and more, next before the institution of this
suit, the lot or tract of land sued for and claimed by the plain-
tiff, Salinas,—cultivating the same during the said five years as
a cornfield, occupying, using and enjoying the same, and paying
the taxes thereon, and owning it under and by virtue of a
deed of conveyance from J. W. Smith, administrator of H. W.
Karnes, filed for record June 7th, 1843 ; said Karnes holding
the same by deed from Joseph L. Hood, Sheriff, sold to satisfy
an execution in favor of Samuel Williams, attorney of A. M.
Vaun v. Jose Maria Salinas, which last deed was recorded
January 11th, 1840. August 31st, 1849.

(Endorsed.) As the attorney of plaintiff, I admit the within
as proof of the possession, without the necessity of other
proof being offered at the trial. August 31st, 1849.

Defendant offered the conveyance from Joseph L. Hood to
Henry W. Karnes, and from John W. Smith, Adm'r of H. W.
Karnes, to Samuel A. Maverick. Plaintiff objected to the
introduction of these deeds, as any evidence of title in defend-
ant ; the objection being overruled, plaintiff excepted ; and
the deeds were read for the purpose of proving their registra-
tion, and the title of defendant by prescription, under the 16th
section of the limitation act of 1841. Here followed the deed,
in proper form, recorded, the first January 11th, 1840, the
second June 7th, 1843. It was admitted that the lands de-

scribed in the Sheriff's deed to Karnes covered that described in plaintiff's petition, and that Maverick had paid the taxes thereon since he purchased it.

Plaintiff then introduced parol testimony to prove that the judgment was fraudulently obtained. But it is not now important. He also proved that Salinas, who was a Mexican, went to Mexico about the beginning of the Texas Revolution ; had been here several times since, but had never resided here since that time.

The defendant requested the Court to charge the jury,

1st, If the jury believe that the defendant has had five years peaceable possession of the lands in controversy, cultivating, using and enjoying the same, and paying taxes thereon, and claiming under deeds duly registered, prior to the institution of this suit, they will find for the defendant.

2d, That the Statute of Limitations contemplates only the disabilities arising from non-age, coverture or insanity ; and that, being an alien enemy does not suspend the operation of the Statute.

3d, Fraud can in no case be presumed, unless the circumstances on which such presumption is founded are so strong and pregnant that no other reasonable conclusion can be drawn from them.

4th, Unless the defendant was cognizant of the fraud, he is not responsible for the consequences.

The 1st, 3d and 4th were given ; the 2d was refused.

Verdict and judgment for plaintiff : motion for new trial overruled.

*J. Dennison and I. P. Jones* for appellant.

I. The judgment was that of a Court of competent general jurisdiction, and the exercise of that jurisdiction presumes a compliance with all prerequisites. The record being silent as

to notice or service, on the defendant, and the Court having proceeded to judgment, it is presumed beyond the possibility of proof to the contrary, that the parties were legally before the Court. (Grignon v. Astor, 2 How. U. S. R. 319 : Voorhies v. Bank of the U. S., 10 Pet. R. 449 ; Sutherland v. DeLeon, 1 Tex. R. 250.)

To show that the judgment was fraudulently obtained could only have been done by evidence *dehors* the record. Such evidence it is the peculiar province of the jury to pass upon and determine.

II.   The Court below erred in refusing the second instruction asked by defendant's counsel.   By this refusal the Court, in effect, instructed the jury that the Statute of Limitations did not run against an alien enemy.

III.   The next error complained of by appellant, is that the Court erred in refusing the motion for a new trial.

Under the plea of prescription, the record discloses that the defendant had had five years uninterrupted, adverse and peaceable possession, cultivating, using and enjoying the same, and paying taxes thereon and claiming under deeds duly recorded, in the precise terms of the Statute.

*S. G. Newton*, for appellee, stated his points and authorities on the question of the admissibility of the judgment in Vaun v. Salinas, as if the whole of the record in that case had been offered in evidence.   On the question of limitation, he argued that the deeds were improperly admitted, and that Salinas, being absent from the State, the Statute did not run against him.

WHEELER, J.   The principal question presented by the record, which requires notice, is as to the propriety of the ruling of the Court, excluding the record of the judgment under which the defendant claimed to have derived title.

It was objected to the reading of the judgment in evidence,

first, that it was fraudulently obtained ; second, that it was void for the want of jurisdiction—the defendant therein, it was said, not having had legal notice of the suit. It does not appear upon which of these grounds the Court excluded the evidence. If upon the first, it was manifestly erroneous, for the reason that the question of fraud in obtaining the judgment was a question depending upon evidence extrinsic of the judgment itself, and one which it was for the jury and not the Court to decide. If the Court excluded the judgment on the suggestion of the want of jurisdiction in the Court to render it, it was error, for the reason that the proceedings, anterior to the judgment, were not before the Court, (as appears by the record,) and it could not appear, therefore, that the suggestion was true. It is said in argument, that the service was by publication only ; but it does not so appear by the record before us. The defendant in this suit was only required to produce the judgment, to lay the foundation for the introduction of the execution and Sheriff's deed, and the Court was not warranted in excluding it upon the mere suggestion of the plaintiff, of the want of legal service of process. If the suggestion was true, it should have been made to appear by bringing before the Court the proceedings anterior to the judgment, in order that the Court might judge for itself of the regularity and legality of the proceedings. No valid objection is perceived to the introduction of the defendant's evidence, and we are of opinion, therefore, that the Court erred in excluding it from the jury.

The defendant, moreover, under his plea of the Statute of Limitations, appears to have made out a case in evidence, which brought him within the provision of the 16th section of the Statute, on which he relied. (Hart. Dig., Art. 2393.) But it is said, on behalf of the appellee, that the Statute did not run in his favor, because the plaintiff was absent from the State. Our Statute is unlike the English Statute of James, and the Statutes of some of the States, in that it contains no saving in favor of a plaintiff who is "beyond seas," or without the limits of the State. The saving in our Statute is only as

to the case of a defendant who is without the limits of the State. (Hart. Dig., Art. 2395 ; and see Angell on Lim., 17, 2d edit., and ch. 19.) And it has never been held in this State that the absence of the plaintiff from the State would stay the running of the statute. The disability of being "beyond seas" is omitted in the Statute of New Jersey, and consequently is not recognized by the Courts of that State. (Id., p. 205, n.; 3 Green (N. J.) R. 171 ; 3 Horr. 262.)

Whether the disability of alien enemy will suspend the running of the Statute, it will be time enough to determine, when the question shall have been presented in a case requiring its adjudication. I apprehend, however, that the decisions of this Court will be found very strongly to support the conclusion that no saving or exception will be admitted by construction, to prevent the running of the Statute, which is not expressed in it.

The judgment is reversed and the cause remanded.

Reversed and remanded.