**GRIFFITH v. SHANNON et al.    (No. 6985.)**

(Court of Civil Appeals of Texas.    Austin.
April 28, 1926.    Rehearing Denied
May 26, 1926.)

1. **Limitation of actions** ⊂⊃179(2)—**Partner's petition, alleging that other partners took partnership assets and concealed themselves from plaintiff for 37 years, held to state cause of action against defendants as constructive trustees, and plaintiff's knowledge of their repudiation of trust, which was barred 10 years after he acquired such knowledge.**

Partner's petition in action against other partners, alleging that, after partnership completed contracts for which it was formed, defendants took partnership assets and concealed themselves from plaintiff for 37 years, and that plaintiff believed they had left jurisdiction of state, *held* to state cause of action against defendants as constructive trustees, their repudiation of such trust, and plaintiff's knowledge thereof, which cause of action was barred 10 years after plaintiff acquired such knowledge.

2. **Limitation of actions** ⊂⊃100(1).

Fraud only prevents running of statute of limitation until fraud is discovered or by use of reasonable diligence might have been discovered.

3. **Limitation of actions** ⊂⊃104(2)—**Concealment, to prevent running of statute, must relate to concealment of cause of action, and not to concealment of parties.**

Concealment, to prevent running of statute, must relate to concealment of cause of action, and not to concealment of parties, since plaintiff can institute action and thereby suspend limitation.

4. **Limitation of actions** ⊂⊃84(1)—**In action on theory of constructive trust, plaintiff's absence from state for 37 years held immaterial except on question of stale demand and lack of diligence to enforce claim.**

In action on theory of defendants' liability as constructive trustees who concealed themselves from plaintiff for 37 years, *held* that plaintiff's absence from state for 37 years was immaterial except on question of stale demand and lack of diligence in enforcing his claim.

5. **Limitation of actions** ⊂⊃146(1), 148(1), 150 (1)—**Unwritten promise to pay claim barred by limitation, not specific as to amount nor acknowledged to be justly due, held not enforceable (Vernon's Sayles' Ann. Civ. St. 1914, art. 5705).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5705, promise to pay claim barred by limitation was not enforceable, where justness of claim was not acknowledged and promise was not in writing nor for a specific sum.

Appeal from District Court, Tom Green County; J. F. Sutton, Judge.

Action by A. B. Griffith against J. M. Shannon and another. Judgment for defendants, and plaintiff appeals, and defendants assign cross-error. Affirmed.

Stinson, Coombes & Brooks and Roy L. Duke, Wilson & Childers, all of Abilene, for appellant.

Harris & Harris and W. A. Wright, all of San Angelo, for appellees.

BLAIR, J. Appellant, A. B. Griffith, filed this suit against appellees, J. M. Shannon and A. F. Clarkson, and by a second amended original petition alleged a partnership between them, formed in the year 1886, for the purpose of building fences in the aggregate of 500 miles; that after the contracts for the building of the fences were completed, appellant went to Louisiana for the purpose of getting married, it being agreed that upon his return to Texas a settlement of the partnership profits for building the fences would be made, each of them being entitled to receive a one-third interest therein; that the partnership affairs ended with the completion of the work in 1886, with the exception of settling some outstanding accounts and paying over to appellant his share of the profits; that on or about December 26, 1886, appellant returned to Colorado City, the headquarters of the alleged partnership, and where each of the parties to it resided, for the purpose of having settlement on his contract, but upon returning discovered that the appellees had appropriated his interest in said business, and from all information obtainable had left the state of Texas, and probably the United States; that he made diligent inquiry for some two or three months thereafter as to the whereabouts of the appellees, but received no information; that he paid some few of the debts owing by the partnership, and then, having no further means of livelihood, moved out of the state of Texas in the early part of the year 1887, and went to the state of Colorado and other Western states, where he remained continuously, never returning to Texas for a period of 37 years.

The petition contained no allegation that appellant had ever corresponded with any one in Texas or elsewhere with reference to information leading to the whereabouts of either of the appellees. It alleged a general conclusion that he made diligent inquiry without alleging any fact upon which to base it.

Appellant further alleged that in August, 1923, he returned to Texas and located appellee Shannon in Tom Green county and appellee Clarkson in Sutton county, and that he immediately went to Shannon in 1923 and demanded of him settlement of the partnership account, alleging that he was due one-third of $26,250 as his share of the profits in the partnership enterprise, that Shannon requested him to get in connection with appellee Clarkson and then promised and agreed to settle with appellant, but that, after

spending six days in San Angelo, waiting from day to day for Shannon to settle and to get in connection with Clarkson, Shannon finally told appellant that he would not settle with him, and that he would not pay him anything. The petition further alleged that appellees invested the sum of money derived from the partnership enterprise in lands and stock in Crockett and other Texas counties, and reinvested the proceeds derived from the sale of stock and land and other increase until the estate of Shannon valued over $1,-000,000, and that of Clarkson over $50,-000, which estates were alleged to have been derived and accumulated out of and by reason of the use of the funds aforesaid belonging jointly to appellant and appellees; and appellant asked that said estates be charged and held as a trust estate resulting from the use of the trust funds, and that he be adjudged to be the owner of an undivided interest of one-third thereof. Appellant prayed for an accounting of the partnership affairs, and for a decree of the court vesting him with title to one-third of the property owned and possessed by appellees. In the alternative, he prayed for judgment against the appellees, jointly and severally, for the sum of $8,750, with interest thereon from January 1, 1887.

To the allegations of appellant, appellees answered by general and special exceptions, raising the 2, 4, and 10 year statutes of limitation and stale demand, and by general and special denials. The trial court overruled the general demurrer and the special exception raising the 2 and 4 year statutes of limitation, but sustained the exception raising the 10 year statute of limitation and stale demand. The trial court also sustained the special exception addressed to the portion of appellant's petition which attempted to set up a promise to pay and settle the account in controversy by appellee Shannon. Appellant refused to amend, and the trial court dismissed the suit; from which action this appeal is perfected.

Appellees cross-assign error of the action of the court in refusing to sustain their special exceptions raising the question of 2 and 4 year statutes of limitation.

We are of the opinion that the trial court correctly sustained the exception raising the ten-year statute of limitation and stale demand to the cause of action alleged, and also the special exception relating to an alleged agreement to pay and settle the account by appellee Shannon.

Appellant predicates his propositions upon the fact that his petition alleged the existence of the partnership between himself and appellees, and that appellees took charge of the partnership assets and secreted and concealed themselves from the known whereabouts of appellant for 37 years, while he believed and was informed that appellees had gone beyond the jurisdiction of the state, and that, fraud being imputed by such allegations, the length of time ought not upon the principles of equity deprive him of his debt because of the statutes of limitation.

[1] We are of the opinion that the petition alleges facts which would tend to make appellees trustees of a constructive trust, and further alleges facts which showed a repudiation of that trust, and knowledge on the part of appellant of such repudiation since he returned from Louisiana to Colorado City in 1886; and his cause of action, if any he had, arose at the time of such repudiation, and after a lapse of ten years would be barred.

In the case of Hunter v. Hubbard, 26 Tex. 537, the Supreme Court, in announcing the rule as to the run of the statute of limitation in favor of a trustee under an implied or constructive trust, used the following language:

"When the trust is merely implied, or constructive, there has been some disagreement among the cases as to when the statute of limitations commenced running in favor of the trustee, but the better opinion seems to be that as in general the facts out of which such trust arises, from their very nature, presuppose an adverse claim of right on the part of the trustee by implication from the beginning, the statute will commence to run against the cestui que trust from the period at which he could have vindicated his right by action or otherwise."

[2] This doctrine has been reaffirmed many times by our Texas courts. Kuhlman v. Baker, 50 Tex. 630; Alston v. Richardson, 51 Tex. 1. These cases also establish the rule that fraud will only prevent the running of the statute of limitation until the fraud is discovered, or by the use of reasonable diligence might have been discovered.

In Cole v. Noble, 63 Tex. 432, the court held:

"In case of a constructive trust, which is born of fraud, and which presupposes from its beginning an adverse claim of right on the part of the trustee by implication, the statute will commence to run from the period at which the cestui que trust could have indicated his right by action or otherwise."

See, also, Oaks v. West (Tex. Civ. App.) 64 S. W. 1033; Tinnen v. Mebane, 10 Tex. 246, 60 Am. Dec. 205; Clifton v. Armstrong (Tex. Civ. App.) 54 S. W. 611, and Jewell v. Hart (Tex. Civ. App.) 244 S. W. 828, in which last case it was held that the rights under a constructive trust were not exempt from operation of the statute of limitation, for they presuppose an adverse right of the trustee from the beginning, and the statute will run from the time the beneficiary should have interpleaded his right of action or otherwise.

The authority (25 Cyc. 1157) holds:

"In the case of a constructive or implied trust, except where the trust is imposed on the ground of fraud, which is not immediately

discovered, or there has been a fraudulent concealment of a cause of action, the statute begins to run in favor of the party chargeable as trustee from the time the wrong is done by which he becomes thus chargeable, or the time when the beneficiary can assert his rights; not from the time when demand is made on the trustee, or the trust is repudiated by him, for no repudiation of an implied or constructive trust is ordinarily necessary to mature a right of action and set the statute in motion. But where a trust is imposed on the ground of fraud, which is concealed or does not immediately become known to the defrauded party, the statute begins to run when facts constituting the fraud are discovered or when plaintiff acquires such knowledge as would enable him, by the exercise of proper discretion and diligence, to discover such facts according to the general principles of equity which apply to cases of fraud and fraudulent concealment."

[3, 4] Appellant attempts to save his suit from the bar of the statute by charging fraud in the allegation that appellees concealed themselves so that he could not enforce his claim or demand. We find no authorities which support that contention. Fraud and concealment, in order to prevent the running of the statute, must relate to concealment of the cause of action and not to the concealment of the parties. 25 Cyc. 1217; Gerfers v. Mecke, 28 Tex. Civ. App. 269, 67 S. W. 144. Appellees' concealment of themselves would not have prevented appellant from instituting suit on his claim against them, thereby suspending limitation. The fact that appellant himself was absent from the state 37 years has no bearing upon this case, except upon the question of stale demand and his lack of diligence to enforce whatever claim he may have had against the appellees. Maverick v. Salinas, 15 Tex. 57.

[5] The action of the trial court in sustaining the special exception to appellant's pleadings with reference to a promise by Shannon to pay and settle the debt is sustained by article 5705, Vernon's Sayles' Statutes, which reads:

"When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

The following authorities have construed the statute to require one seeking to take a case out of its operation to show that the justness of the debt was acknowledged, that the promise was in writing, and that the promise to pay was specific and definite as to the amount. Smith v. Fly, 24 Tex. 351, 76 Am. Dec. 109; Penick v. Castles (Tex. Civ. App.) 144 S. W. 297; Wells v. Moore, 42 Tex. Civ. App. 47, 93 S. W. 220; Wade v. Sheehan (Tex. Civ. App.) 226 S. W. 444; Konz

v. Pratt (Tex. Civ. App.) 249 S. W. 258; Vernor v. Sullivan (Tex. Civ. App.) 126 S. W. 641; Stacy v. Parker, 63 Tex. Civ. App. 129, 132 S. W. 532; Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174. Appellant's allegations of the promise of Shannon to settle his claim did not comply with any of these statutory prerequisites.

We have carefully read many of the cases cited by appellant in support of his contentions that his suit was not barred by the statute of limitation, but find that they do not sustain the contention. In the main, the authorities cited are based upon the concealment of the cause of action from cestui que trust and not the concealment of the trustee; the case of Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191, being a fair sample of the cases.

Another line of authorities cited by appellant holds that limitation does not run against one partner suing his copartner for an accounting until a cessation of the dealings in which they were interested together. That rule is not applicable to the facts pleaded in this case. It was alleged that the purpose for which the partnership was formed had been completed, and that appellees had absconded with the partnership assets, and that they had so far abandoned the enterprise as to fail to pay its debts.

Appellees' cross-action urged error on the part of the trial court for refusing to sustain their special exception raising the 2 and 4 year statutes of limitation. We do not find it necessary to pass on these questions, since the trial court effectively disposed of the case by sustaining the other special exception.

The judgment of the trial court is affirmed.

Affirmed.