Herbert C. OTIS, Jr. et al., Appellants,

v.

SCIENTIFIC ATLANTA, INC., Appellee.

No. 20523.

Court of Civil Appeals of Texas,
Dallas.

Feb. 11, 1981.

Rehearing Denied March 17, 1981.

J. Redwine Patterson, Patterson, Lamberty & Kelly, Inc., Dallas, for appellants.

R. Brent Cooper, Cowles, Sorrells, Patterson & Thompson, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment granted in favor of defendant Scientific Atlanta, Inc. Plaintiffs, Herbert Otis, his wife, and their daughter, sued Rollins Protective Services Company and others on February 17, 1978, for damages they sustained as the result of a fire at their home on February 23, 1976. These defendants had sold, or been involved in the manufacture of, a fire alarm system installed in

plaintiffs' home. The alarm system failed to function properly and plaintiffs alleged that due to that failure, damage from the fire was more severe than it would have been had the alarm system functioned properly. On October 10, 1978 plaintiffs filed their third amended original petition in which Scientific Atlanta, the manufacturer of a component part of the alarm system, was added as a party. Defendant Scientific Atlanta filed its motion for summary judgment asserting that plaintiffs' cause of action was barred by limitations. The trial court granted the motion for summary judgment and severed the judgment entered in favor of Scientific Atlanta from the rest of the suit. Plaintiffs assert that because they did not know and could not have known through the exercise of reasonable diligence that defendant was responsible for the manufacture of the defective part of the system, the running of the statute of limitations should be tolled because their cause of action did not accrue until they discovered the identity of the party responsible for the cause of their injury. We do not agree and affirm.

■ The question presented turns on whether the discovery rule applies. Where the discovery rule is applicable, *see Southwest Bank & Trust Co. v. Bankers Commercial Life Ins. Co.,* 563 S.W.2d 329 (Tex.Civ. App.—Dallas 1978, writ ref'd n. r. e.), the statute of limitations does not begin to run until the cause of action is discovered, or until the plaintiff acquires such knowledge as would lead to its discovery if reasonable diligence were exercised. "The rule is not a plea of confession and avoidance of the statute of limitations but is the test to be applied in determining when a plaintiff's cause of action accrued." *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977). In response to a motion for summary judgment, pleading facts which would make the discovery rule applicable effectively challenges the existence of limitations as a defense. *Whatley v. National Bank of Commerce,* 555 S.W.2d 500 (Tex.Civ.App.—Dallas 1977, no writ).

■ Assuming that plaintiffs have asserted the type of action to which the discovery rule is applicable, they have not pleaded facts which challenge the existence of limitations as a defense in this case. Plaintiffs' argument, and pleading in their response, is that they did not know the *identity* of the party responsible for the cause of their injury. Plaintiffs do not assert that they did not know of the injury and they do not assert that they did not know of, or could not have discovered with the exercise of reasonable diligence, the *cause* of their injury. Plaintiffs knew on the date of the fire that they had been injured. Since plaintiffs discovered their injury on the date of the fire, limitations began to run on that date. *Weaver v. Witt, supra.* Because the facts pleaded by plaintiffs in response to defendant's motion for summary judgment were not sufficient to make the discovery rule applicable in this case, no genuine issue of material fact regarding the discovery rule has been raised.

■ Plaintiffs also argue that defendant fraudulently concealed its identity and that this fraudulent concealment tolls the running of the statute of limitations. As we have indicated above, plaintiffs do not argue that they did not know of their injury or the cause of their injury. We have been cited no authority, and we have found none, which supports the proposition that in Texas concealment of one's identity tolls the running of the statute of limitations on a cause of action against that person.

In *Nichols v. Smith,* 507 S.W.2d 518 (Tex. 1974), our supreme court described the rule of fraudulent concealment as follows:

When the *defendant is under a duty* to make a disclosure but fraudulently *conceals the existence of a cause of action* from the one to whom *it* belongs, the guilty party will be estopped from relying on the defense of limitations until *the right of action* is, or in the exercise of reasonable diligence should be, discovered. *Id.* at 519 [Emphasis added.]

In the case before us, plaintiffs knew they could assert a cause of action against the manufacturers of any defective part of the alarm system. The existence of a cause of action was not concealed, and defendant was under no duty to disclose its identity to plaintiffs.

In *Griffith v. Shannon*, 284 S.W. 598 (Tex.Civ.App.—Austin 1926, writ dism'd) the court stated:

Appellant attempts to save his suit from the bar of the statute by charging fraud in the allegation that appellees concealed themselves so that he could not enforce his claim or demand. We find no authorities which support that contention. Fraud and concealment, in order to prevent the running of the statute, must relate to concealment of the cause of action and not to the concealment of the parties. *Id.* at 600.

Although in the *Griffith* case the court was discussing the defendant's physical concealment of himself from the plaintiff, we believe the rule there stated demonstrates also that concealment of one's identity does not toll the statute of limitations when, regardless of the defendant's identity, the plaintiff knows, or reasonably should know, that he has a cause of action.

Because plaintiffs did not plead facts sufficient to challenge the existence of limitations as a defense and did not show the fraudulent concealment of a cause of action, the judgment of the trial court is affirmed.

Affirmed.