Carl BURNS, Appellant,

v.

Larriet THOMAS, Appellee.

No. 07–88–0080–CV.

Court of Appeals of Texas,
Amarillo.

July 29, 1988.

Rehearing Denied Aug. 24, 1988.

Hill, Heard, Oneal, Gilstrap & Goetz, Leann Griffith, Arlington, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Carl Burns appeals from a take-nothing summary judgment rendered on his alleged malpractice and deceptive trade practice action against Larriet Thomas. We affirm.

By six points of error Burns, in essence, claims the trial court erroneously determined that his cause of action against Thomas was barred by the two-year statute of limitations because (1) the original defendant, Wardroup, and Thomas fraudulently concealed the fact that they were general partners; and (2) he filed his cause of action against Thomas within two years after he knew or should have known that Wardroup and Thomas were partners. We conclude that Burns' points of error and contentions thereunder do not present cause for disturbing the judgment.

The record shows that on 21 February 1985, Burns originally brought his action for legal malpractice and misrepresentation under the Deceptive Trade Practices Act, Texas Business & Commerce Code Annotated section 17.41, *et seq.* (Vernon 1987) ("DTPA"), against Richard Wardroup. Wardroup and Thomas were former law partners. On 23 January 1986, Burns amended his original petition and joined Thomas as a party to the action. Burns' action against Wardroup and Thomas arose from Wardroup's representation of Burns in an action styled "Arkansas Casket Co. v. Carl Burns" in the County Court at Law No. 1 in Lubbock County, Texas. In that action, the trial court rendered judgment against Burns on 22 August 1983.

In the action before us, Burns alleges that Wardroup negligently failed to appeal from the judgment rendered against him in the Arkansas Casket Company case and that Wardroup made deceptive misrepresentations to him that the case had been appealed when Wardroup had, in fact, failed to do so. The Arkansas Casket Company judgment became final against Burns on 21 September 1983. On 26 October 1983, Burns learned that Wardroup had failed to perfect an appeal of the Arkansas Casket Company case. All of the matters alleged by Burns to be malpractice and deceptive trade practices occurred on or before 26 October 1983.

The parties agreed that the two-year statute of limitations applied to the alleged

action for malpractice and that the two-year statute of limitations stated in section 17.565 of the DTPA applied to the deceptive trade practice action. The actions are joined in the same pleading. On 21 February 1985 (approximately sixteen months after 26 October 1983), Burns brought the original action against Wardroup. However, Burns did not join Thomas in the suit until 23 January 1986 (approximately twenty-seven months after 26 October 1983).

After answering the suit, Thomas filed a motion for summary judgment claiming the action against her was barred by the two-year statute of limitations because Burns did not file his action against her within two years after his cause of action accrued on or before 26 October 1983. In that regard, it is undisputed that Burns had knowledge of the cause of action on or before that date. Nevertheless, Burns claims his cause of action against Thomas was brought within two years from 27 November 1985, the date he learned Wardroup and Thomas had been law partners. Burns contends that Wardroup and Thomas concealed the fact they were law partners; that he first learned Wardroup and Thomas were law partners when he took Wardroup's deposition on 27 November 1985; that since his action against Thomas was brought within two years after he discovered Wardroup and Thomas were law partners his action was timely filed; and, that the trial court erred in granting Thomas' motion for summary judgment. We disagree.

In essence, Burns attempted to toll the running of the statute of limitations against his action against Thomas by alleging fraudulent concealment of Thomas' identity as a party. The Texas rule concerning concealment of a party's identity was stated in the early case of *Griffith v. Shannon*, 284 S.W. 598, 600 (Tex.Civ.App.—Austin 1926, writ dism'd), as follows:

> Appellant attempts to save his suit from the bar of the statute by charging fraud in the allegation that appellees concealed themselves so that he could not enforce his claim or demand. We find no authorities which support that contention. Fraud and concealment, in order to pre-vent the running of the statute, *must relate to concealment of the cause of action and not to the concealment of the parties.* (emphasis added)

The above rule has been consistently followed by the Texas courts. The court of appeals in *Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d 665, 667 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), determined specifically that concealment of the identity of a party does not toll the running of the statute of limitations when the cause of action is not concealed. In this instance, it is undisputed Burns knew he had a cause of action on or before 26 October 1983.

We acknowledge that Burns relies on *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983), for the proposition that fraudulent concealment will toll the statute of limitations. However, that case holds that where a defendant is under a duty to make disclosure, but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations. In the case before us, Burns knew he could assert a cause of action against Wardroup and his partner for any alleged negligent acts or omissions. The existence of a cause of action was not concealed. We reiterate that fraud and concealment, in order to prevent the running of the statute, must relate to concealment of the cause of action and not to the concealment of the parties. *Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d at 667; *Griffith v. Shannon*, 284 S.W. at 600.

Under his sixth point of error Burns further claims the trial court erred in ordering summary judgment because he filed suit within two years of the date he learned of the cause of action or should have learned through the exercise of reasonable diligence. Among other things, Burns presents the question of whether the discovery rule applies to legal malpractice cases. The Texas Supreme Court has held that the discovery rule is applicable to legal malpractice cases. *Willis v. Maverick*, 760 S.W.2d 642, 646–47 (Tex.1988).

Although Burns has asserted the type of action to which the discovery rule is applicable, he has not pleaded facts which challenge the existence of limitations as a defense in this case. Burns' argument is that he did not know of the existence of Thomas as Wardroup's partner. Burns does not claim that he did not know of his injury and he does not assert that he did not know, or could not have discovered with the exercise of reasonable diligence, the cause of his injury. Because the facts pleaded by Burns in response to Thomas' motion for summary judgment were not sufficient to make the discovery rule applicable to this case, no genuine issue of material fact regarding the discovery rule has been raised. *See Otis v. Scientific Atlanta, Inc.,* 612 S.W.2d at 666.

In summary, Burns' six points of error are overruled and the trial court's judgment is affirmed.