### T. A. SHERMAN ET UX V. J. W. SIPPER ET AL.

No. 7635. Decided May 7, 1941.
Rehearing overruled June 25, 1941.
(152 S. W., 2d Series, 319.)

*Norman, Stone & Norman,* of Rusk, *Smithdeal, Shook & Lefkowitz,* of Dallas, and *Black, Graves & Stayton,* of Austin, for plaintiffs in error.

The plaintiffs (Sipper and wife), to establish their right to rescind the exchange contract, must show that defendant (Sherman) intended for them to rely upon his statement that he had a clear title to the property he proposed to trade, which they could have done by showing that said statement by defendant was reasonably calculated to induce them to trade their land for his. But plaintiffs failed to make out such a case because they informed defendant that they were going to get an abstract and defendant had a right to belief that they would depend upon the opinion of their attorney, who examined the abstract, rather than his statement. Rowe v. Horton, 65 Texas 89; Bass v. James, 83 Texas 110, 18 S. W. 336; Gulf Prod. Co. v. Palmer, 230 S. W. 1017; Labbe v. Corbett, 69 Texas 509, 6 S. W. 808; Quinn v. Press, 135 Texas 60, 140 S. W. (2d) 438.

*Guinn & Guinn*, of Rusk, for defendants in error.

Where a complaining party has received the very thing he bargained for, but complains of misrepresentations as to its quality, he must show loss or injury, but if something else is fraudulently substituted for that which he expected to receive, he may have recission of his contract without showing its inferiority or his resulting damage. Federal Trade Com. v. Standard Education Soc., 302 U. S. 112, 82 L. Ed. 141; Nance v. McClellan, 126 Texas 580, 89 S. W. (2d) 774. 106 A. L. R. 117.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed in the district court by J. W. Sipper and wife to rescind a contract for the exchange of lands and to annul and cancel the deeds executed by virtue of such contract. Sipper and wife sued T. A. Sherman and wife, B. T. Williams, and Jewell W. Byrd to rescind a contract of exchange of lands, on the ground of fraud and misrepresentations by Sherman and wife. Williams and Byrd were named as defendants under allegations that they were claiming some interest in the lands which Sipper and wife sought to repossess, and they filed disclaimers. Based upon the answers of the jury to special issues submitted to them, the trial court entered judgment for the plaintiffs. The Court of Civil Appeals at Fort Worth affirmed the judgment of the trial court. 129 S. W. (2d) 458.

The opinion of the Court of Civil Appeals contains a detailed statement of the pleadings and facts involved in the case, and we refer to such statement contained in the opinion of that court.

Plaintiffs in error present many assignments complaining of the rulings of the Court of Civil Appeals on the questions involved in this case. In one of such assignments it is contended that under the undisputed facts in this case defendants in error's claim for a recission of the contract and a cancellation of the deeds executed by virtue of such contract was barred by the four years statute of limitation.

Sipper and wife alleged in their petition that they were formerly owners of 218.5 acres of land, a part of the Medford Survey, and that the Shermans represented themselves to be the owners of 49.75 acres of the Bartee League, all of said land being situated in Cherokee County, Texas; that they owed approximately $1350.00 on the 218.5 acres, and that they and the Shermans desired to exchange lands,—they to take the 49.75 acres in fee simple, free of encumbrances and reservations, and the Shermans to take 218.5 acres, with good title except as to the indebtedness against same, and the Shermans to assume the payment of the $1350.00, or so much thereof as should then be owing. The Sippers alleged in effect that the Shermans represented that they had a good and merchantable title to the 49.75 acres of land which they proposed to exchange, and that there were no liens or encumbrances against same that would affect the title thereto; that J. W. Sipper was a person of no education, being unable to read or write, and that he relied upon the representations made by T. A. Sherman as to the title, and but for said representations he would not have made the trade.

The answers of the jury in response to special issues submitted to them are substantially as follows: (1) That Sherman stated to Sipper, before the deeds were exchanged, that he had a clear title to the 49.75 acres of land; (2) that Sipper relied upon such representation; (3) that the minerals in the 49.75 acres had been reserved by Leon & H. Blum Land Company prior to November 25, 1931; (4) that the representations made by Sherman that he had a clear title to the 49.75 acres of land were false; (5) that Sherman stated to Mrs. Sipper, during the negotiations and before the deeds were executed, that he had a clear title to the 49.75 acres; (6) that Mrs. Sipper relied upon such statements; (7) that such representations made by Sherman to Mrs. Sipper that he had a clear title to the land were false; (8) that Sherman represented to Sipper that the minerals in the 49.75 acres were conveyed to him; (9) that Sipper relied upon such representations; (10) that such representations made by Sherman to Sipper that the minerals in

the land would be conveyed to him were false; (11) that Sipper first learned in 1935 that the minerals in the land conveyed to him had been reserved by Leon & H. Blum Land Company.

The following facts are undisputed:

1. The exchange of lands was made by the parties, and each executed a warranty deed dated November 25, 1931.

2. During the year 1889 Leon & H. Blum Land Company, the then owner of the land, conveyed same to one Battle, and reserved in the deed the iron ore and all mineral rights in the land. Neither Sherman nor Sipper knew about the reservation of the mineral rights in the 49.75 acres by Leon & H. Blum Land Company. The deed from Leon & H. Blum Land Company to Battle was dated August 20, 1889, was recorded in Cherokee County on August 22, 1889, and was in the line of title under which the Sippers claimed.

3. The Sippers demanded an abstract, but Sherman refused to furnish one. When Sherman failed to furnish an abstract to the 49.75 acres of land, the Sippers had one made, upon Sherman's promise to pay half the cost of such abstract.

4. The Sippers told Sherman that they were going to have the abstract examined, and that they would rely upon their attorney's opinion as to the title.

5. The Sippers took the abstract to an attorney of their own selection, and it was only after he rendered an opinion that the title was good that the Sippers deeded their land to Sherman.

6. The attorney who examined the abstract for the Sippers testified that in making the land trade they relied upon Sherman's warranty of title and upon the fact that a certain loan company had made a loan on the land, which in the opinion of the Sippers proved the title was good at the time the loan was made.

7. This suit was filed on November 1, 1936.

If the undisputed facts in this case establish, as a matter of law, that the four years statute of limitation applied to the cause of action alleged by defendants in error, then there is no necessity for considering or passing upon the other questions raised in this case. We shall examine the authorities in the light of the foregoing facts.

1 Statutes of limitation have long been a part of our laws. They are regarded with favor. They compel the complaining party to assert his claim within a reasonable time. This rule is based upon sound public policy. It prevents a party from asserting a claim after a certain period of time, when perhaps the evidence to rebut such claim would be destroyed or lost. The effect of such statutes of limitation is wholesome, and they are found in all systems of enlightened jurisprudence. They furnish the means of giving security and stability to human affairs, and are a protection of property rights. They compel a party to be active in asserting his rights; and punish him for his failure to do so within a reasonable time. 28 Tex. Jur., p. 78, sec. 4, and cases cited in the footnotes; Wood v. Carpenter, 101 U. S., 135.

2 The rule has long prevailed in this State that fraud will prevent the running of a statute of limitation only until such time as the fraud is discovered, or by the exercise of reasonable diligence it might have been discovered. Oldham v. Medearis, 90 Texas 506, 39 S. W. 919; Pitman v. Holmes, 79 S. W. 961; Vodrie v. Tynan (Civ. App.), 57 S. W. 680; Munson v. Hallowell, 26 Texas 475, 84 Am. Dec. 582; Anding v. Perkins, 29 Texas 348; Bremond v. McLean, 45 Texas 10; Kuhlman v. Baker, 50 Texas 630; Ransome v. Bearden, 50 Texas 119; Alston & Hutchings v. Richardson, 51 Texas 1; Kennedy v. Baker, 59 Texas 150; Brown's Heirs v. Brown, 61 Texas 45; Calhoun v. Burton, 64 Texas 510; Bass v. James, 83 Texas 110, 18 S. W. 336; Watrous v. Rodgers, 16 Texas 511.

Equally well settled is the rule that where a person has a right in property, and he claims fraudulent statements were made concerning the title to such property, when the records relating to such title are open to him he must exercise reasonable diligence to discover such defect; and if by the exercise of such diligence he could have discovered such defect and would have known of his right, he is held to have known it, and limitation will run against his claim from the time he could have made such discovery by the exercise of ordinary diligence. Gerfers v. Mecke (Civ. App.), 67 S. W. 144 (writ refused) ; Pitman v. Holmes, 78 S. W. 961.

It is undisputed that Sherman did not know of the reservation of minerals contained in the deed from the Leon & H. Blum Land Company to Battle. It is also undisputed that the Sippers had the abstract made, that they delivered it to their attorney for examination, and that they accepted his opinion

on the title before consummating the exchange of deeds. It also appears that the Sippers accepted the deed from Sherman and took possession of the 49.75 acres of land. It is unquestioned that after the consummation of the deal Sherman by no act or statement misled the Sippers about the title to the 49.75 acres of land, or kept them or their attorney from examining the records relating to the title to the land received by them.

From the early case of Gautier v. Franklin, 1 Texas 732, to the late opinion of this Court rendered by Chief Justice Moore, in the case of Quinn v. Press, 135 Texas 60, 140 S. W. (2d) 438, this Court has consistently held that "The statute of limitations begins to run from the time fraud is discovered, or could have been discovered by the defrauded party by the exercise of reasonable diligence."

Defendants in error made no attempt, either by pleadings or by proof, to bring their case within this rule. They relied upon the failure to discover such defect, without attempting to show facts excusing their failure to discover such defect; and no attempt is made to show that if they had used reasonable diligence they could not have discovered their cause of action.

The trial court submitted to the jury the issue as to when Sipper first learned that the minerals on the land conveyed to him by Sherman had been reserved. The jury answered, "In 1935." This finding by the jury is not sufficient ground, under the facts of this case, upon which to base a judgment in favor of Sipper. Before he is entitled to recover in this case, he must bring himself within the well-defined rules above stated, long established by the decisions of this Court. This was not done. Furthermore, it is undisputed that the records were open to him for inspection, and there was nothing to prevent him or his attorney from discovering the misrepresentations made by Sherman; and by the exercise of reasonable diligence he or his attorney could have discovered that the minerals had been reserved by the Leon H. Blum Land Company in the land in controversy. Therefore the Sippers are charged in law with constructive notice of the actual knowledge they would have acquired if they had examined the records. Gilbough v. Runge, 99 Texas 539, 91 S. W. 566; Bass v. James, 83 Texas 110, 18 S. W. 336; Alston & Hutchings v. Richardson, 51 Texas 1; Bremond v. McLean, 45 Texas 10; Kuhlman v. Baker, 50 Texas 630; Stanford v. Finks (Civ. App.), 99 S. W. 499; Sowell v. Hoffman, 182 S. W. 1152; Boren v. Boren, 85 S. W.

49; Carver v. Moore (Com. App.), 288 S. W. 156; Williams v. Ball, 246 S. W. 422; Cowden v. Limpia Royalties, 109 S. W. (2d) 992; Cleveland v. Carr, 40 S. W. 406; Gulf Production Co. v. Palmer, 230 S. W. 1017; 37 C. J., p. 943.

It clearly appears from the undisputed facts in this record that defendants in error's cause of action was barred by the four year statute of limitation when this suit was filed.

Therefore, under the state of this record, the judgments of the trial court and of the Court of Civil Appeals must be reversed and judgment here rendered for plaintiffs in error.

Opinion delivered May 7, 1941.

Rehearing overruled June 25, 1941.