## MATHIS et ux. v. STOCKDICK et al.

### No. 11716.

Court of Civil Appeals of Texas. Galveston.

July 5, 1945.

Rehearing Denied July 26, 1945.

H. E. Kahn and McFarlane & Dillard, all of Houston, for appellants.

Norman M. West, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellants, J. J. Mathis and wife, in trespass to try title, to recover from appellees, E. C. Stockdick et al., 100 acres of land out of Section 43, Block 1, H. & T. C. R. R. Surveys in Harris County. By amended pleadings appellants also sought to reform and enforce a contract by the terms of which appellant, J. J. Mathis, was granted the option and privilege of repurchasing said 100 acres of land on or before January 1, 1936, under certain conditions, by extending the option period provided for therein for a period of ten years.

Appellants alleged in their amended petition that J. J. Mathis did not read said repurchase agreement before executing it and that he relied upon the representations made by E. C. Stockdick to the effect that appellants would have until December 31, 1945, within which to effect the repurchase of said land. Appellants alleged that the failure of J. J. Mathis to earlier discover the fraud alleged to have been perpetrated

upon him was due to his confidence in the honesty and integrity of E. C. Stockdick.

Appellees answered by a general denial and by a plea of not guilty. By amended answer they excepted to the allegations in appellants' petition on the ground that it affirmatively appeared from the face of said pleading that the cause of action was barred by the four-year statute of limitations. They also pleaded the four-year statute of limitations in bar of appellants' cause of action.

All issues submitted to the jury were answered in favor of appellants, including issues that appellee, E. C. Stockdick, had, at the time of the execution of said repurchase agreement, represented to J. J. Mathis that appellants would have the right to repurchase said land at any time during the period extending through the year 1945; that J. J. Mathis believed said representations and was thereby induced to sign such agreement. The jury found appellees had not acquired title to said land under the three-year statute of limitations.

On motion of appellees, the trial court rendered judgment notwithstanding the verdict in favor of appellees, and that appellants take nothing by their suit.

It was stipulated by the parties that the title to the land in controversy had passed by a regular chain of mesne conveyances into O. L. Miller; that, by deed dated November 30, 1921, O. L. Miller and wife conveyed said land to appellant, J. J. Mathis, for a recited consideration of $3875, including the assumption by Mathis of notes aggregating $2665 then due the Federal Land Bank of Houston, and the execution by Mathis of a vendor's lien note of even date with said deed for the sum of $1200, with interest at the rate of 8% per annum; that, by instrument dated December 1, 1922, O. L. Miller assigned said $1200 note to A. Stockdick. This note, which was later renewed and extended, passed by will to appellees herein.

By warranty deed dated October 29, 1935, and filed for record on that date, J. J. Mathis and wife conveyed the land in controversy to appellees.

On October 29, 1935, or the day following, appellant, J. J. Mathis, and appellee, E. C. Stockdick, acting for himself and the other appellees herein, executed in duplicate the option or repurchase contract which is sought to be reformed by appellants. The instrument recited that J. J.

Mathis had on that date conveyed to appellee, E. C. Stockdick, individually and as attorney in fact for the other appellees herein, the 100 acres of land in controversy, subject to the lien of the Federal Land Bank of Houston in the approximate sum of $2600, and in further consideration of the cancellation of said $1200 note, with accrued interest thereon. It recited that it was agreed by the parties that Stockdick would reconvey said land ·to Mathis on or before January 1, 1936, provided that Mathis would pay to Stockdick the principal and interest then due on said $1200 note and would reimburse Stockdick for all sums paid on said indebtedness and the necessary expenses incurred in connection with said land.

The record shows that E. C. Stockdick did not deliver a copy of said contract to J. J. Mathis at the time it was executed but that several days thereafter Mathis received from Stockdick by mail a duplicate original of the contract. J. J. Mathis admitted that he had executed the duplicate original of said contract which was sent to him by E. C. Stockdick. He testified that, upon receiving the contract and without reading it, he placed it in a box with other papers at his home and that he did not see the contract again until the late summer or fall of 1943, although it was where he had placed it and was available at all times.

Appellants' original petition was filed on April 10, 1944. Their second amended original petition on which they went to trial was filed November 29, 1944.

■ It has long been the established rule in this state that suits brought to correct mistakes in deeds or written contracts are governed by Article 5529, Revised Statutes of 1925, and that if such a suit is not brought within four years after the right to bring it shall have accrued it is barred under said Article 5529. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263; Kennedy et al. v. Ellisor et ux., Tex.Civ.App., 154 S.W.2d 284, writ refused; Kennedy v. Brown, Tex.Civ.App., 113 S.W.2d 1018; Kuhlman v. Baker, 50 Tex. 630.

■ The rule is equally well established in this state that fraud or misrepresentation will prevent the running of a statute of limitation only until such time as the fraud is discovered, or by the exercise of

reasonable diligence it might have been discovered. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263; and authorities there cited.

It is equally well settled that where a person has a right in property and he claims that fraudulent statements or misrepresentations have been made in connection with the rights in or to the title thereto and the records or instruments relating to such title or rights are open to him he must exercise reasonable diligence to discover such defect; and if by the exercise of such diligence he could have discovered such defects or facts and would have known of his right, he is held to have known it and limitations will run against his claim from the time he could have made such discovery by the exercise of ordinary diligence. Sherman v. Sipper, supra; Gerfers v. Mecke, 28 Tex.Civ.App. 269, 67 S.W. 144, writ refused; Pitman v. Holmes, 34 Tex.Civ.App. 485, 78 S.W. 961.

It is undisputed in the instant case that J. J. Mathis executed a copy of the contract under investigation and that he had an opportunity of familiarizing himself with the contents of the contract at that time. There is no contention that the duplicate originals of the contract are different in any material respect. A copy of said contract was sent to him several days later. Upon receipt of the contract, and without reading it, he placed it in a box at his home with other papers, where it remained continuously for a period of approximately eight years from October, 1935, to the late summer or fall of 1943.

Appellants have made no attempt either by pleadings or proof to bring themselves within the rule that the statute of limitation begins to run from the time the fraud or mistake could have been discovered by the defrauded party by the exercise of reasonable diligence. They relied upon their failure to discover that said agreement provided that their right to repurchase said land terminated on January 1, 1936, without attempting to show facts excusing their failure to discover this fact by reading said contract, and no attempt was made by them to show that if they had used reasonable diligence they could not have discovered such facts.

Further, there is no allegation or proof of any act or representation on the part of appellees subsequent to the execution of said contract which would have tended to prevent J. J. Mathis from examining said contract, nor does it sufficiently appear that the alleged confidential relationship between J. J. Mathis and E. C. Stockdick was such as to establish a trust relationship. J. J. Mathis testified that there was no kinship or family relationship between him and the Stockdicks and that the contract involved in the suit was "just a business transaction." He testified that he had not had any dealings with E. C. Stockdick in reference to any other transaction.

It follows from the undisputed facts in this record that appellants' cause of action was barred by the four-year statute of limitations when this suit was filed, and that the judgment of the trial court must be in all things affirmed.

Affirmed.