Odie Mae **HAGGARD** et al., Appellants,

v.

**Willie O. SIMS, Appellee.**

No. 7191.

Court of Civil Appeals of Texas.

Texarkana.

June 14, 1960.

Rehearing Denied July 5, 1960.

Carney & Mays, Atlanta, for appellants.

L. F. Burke, Longview, for appellee.

DAVIS, Justice.

Plaintiff, appellee, Willie C. Sims, a feme sole, of Dallas County, Texas, filed suit in the District Court of Marion County, Texas, against defendant appellant Odie Mae Haggard, a widow, seeking to reform two Warranty Deeds which she had executed to W. E. Haggard, now deceased, and against John Messenger, a lease holder. Each of the deeds, one dated October 10, 1947, and one dated October 22, 1947, recited that they conveyed 40 acres of land, with the "more or less" attachment at the end of the description. The tracts of land were supposed to be adjoining each other. Appellee alleged that the field notes in each deed actually called for and described 70.914 acres, and she sought reformation of each deed upon the grounds of mutual mistake and fraud, so that each deed might

convey only 40 acres of land. Appellee sought judgment removing cloud from her title to 61.547 acres of land. The appellant answered, denying any alleged mistake or fraud, and pleaded "not guilty". Appellant also plead the three, four, five, and ten year statutes of limitation. At the time the case came on for trial, defendant John Messenger had pleaded a valid oil and gas lease from both plaintiff and defendant covering all of the mineral interests in the lands, which was stipulated, and he was dismissed with his costs.

Trial was to the court, without a jury, and at the conclusion of the trial, upon request of the appellant, the trial court filed his findings of fact and conclusions of law. They read as follows:

"Findings of Fact

"I find the facts in this cause to be as follows:

"1.

"Prior to October 10, 1947, Miss Willie O. Sims was the owner of a 181½ acre tract out of a 241½ acre tract in the Robert Potter Survey in Marion County, Texas, more particularly described in Volume 5, page 438 of the Minutes of the District Court of Marion County, Texas.

"2.

"That on October 9, 1947, W. E. Haggard of Marion County, Texas, now deceased, contacted Miss Sims, through J. B. Zachry, Sr., for the purpose of purchasing from her the surface and one-half (½) of the minerals of the south 40 acres of said 181½ acre tract, for a purchase price of $40.00 per acre, and that Miss Sims accepted the offer and said W. E. Haggard sent a Warranty Deed to Miss Willie O. Sims in Dallas, Texas, reciting a cash consideration paid by W. E. Haggard of $1600.00, said deed purporting to convey 40 acres by mete and ——— description, reciting in said Deed in three (3) places that the acreage covered in said deed was 40 acres, and Miss Willie O. Sims, as Grantor, believing the recitation in said Deed to cover and only cover 40 acres, signed and acknowledged, and returned said deed to the agent of W. E. Haggard, which instrument is recorded in Volume 145, Page 200 of the Deed Records of Marion County, Texas; and that W. E. Haggard and his devisee has had possession of said deed since said time.

"3.

"That on or about October 15, 1947, the same W. E. Haggard through J. B. Zachry, Jr., made a second inquiry of Miss Willie O. Sims as to her willingness to sell another 40 acres, the surface and ½ of the minerals out of the same 181½ acre tract in the Robert Potter Surver in Marion County, Texas, on the basis of $40.00 per acre, with $400.00 cash and three (3) notes in the amount of $400.00 each due in 3 consecutive years with eight (8%) interest, and that the said W. E. Haggard sent to Miss Willie O. Sims in Dallas, Texas, a Warranty deed purporting to convey 40 acres and which description made reference seven (7) tives to the 40 acre tract in the deed dated October 22, 1947, and filed for record October 30, 1947, recorded in Volume 145, Page 363 of the Deed Records of Marion County, Texas, 4 of which references were to the boundaries of the first deed dated October 10, 1947.

"4.

"That each sale was by the acre and not by the tract as described.

"5.

"Said W. E. Haggard, after the deed dated October 10, 1947, had been received by him, and while the deed dated October 22, 1947, was in Dallas to be executed by Miss Sims, employed Nay Barker, State Licensed Land Surveyor, and at the request of W. E. Haggard, made a survey upon the ground of the land described in the deed dated October 10, 1947, and made and Affidavit to W. E. Haggard that said description covered 70.86 acres of land.

"6.

"That the deed dated October 22, 1947 was acknowledged by Miss Willie O. Sims in Dallas County, Texas on October 29, 1947 and returned to J. B. Zachry, Jr. for Mr. W. E. Haggard, and said deed was filed for record October 30, 1947 and recorded in Vol. 145, Page 363, Deed Records of Marion County, Texas; and that W. E. Haggard and his devisee have had possession of said deed since said time.

"7.

"That Miss Sims believed at the time she signed, acknowledged and delivered said deeds that she was only conveying to W. E. Haggard 40 acres of surface and one-half of the nimerals thereunder, and that she was justified in so believing.

"8.

"That W. E. Haggard, in purchasing the land described in each of said deeds, only intended to and believed that he was only purchasing the surface to 40 acres and one-half of the minerals thereunder in each instance.

"9.

"If the Court be mistaken in its findings that W. E. Haggard, through a mutual mistake believed that he was purchasing only 40 acres of surface and ½ of the minerals by deed dated October 10, 1947, recorded in Vol. 145, Page 200, Deed Records of Marion County, Texas, then the Court finds that the said W. E. Haggard knew that said deed covered more than 40 acres of land in the description in said deed, and that he intentionally intended to perpetrate a fraud upon the Grantor, Miss Willie O. Sims, without her knowledge or consent of such fraud having been perpetrated upon her.

"10.

"If the Court be mistaken in its finding with reference to the deed dated October 27, 1947, recorded in Volume 145, Page 363,

Deed Records of Marion County, Texas, that the said W. E. Haggard only intended to purchase 40 acres of surface and ½ the minerals and that a mutual mistake was made on the part of the Grantor and Grantee as to the acreage covered by the field notes in said tract of land, then the Court finds that the said W. E. Haggard well knew, after the survey made by Nay Baker, at his instance, that both of said deeds, by the descriptions contained therein, described land in excess of 40 acres of land and he thereby intentionally intended to, and did, perpetrate a fraud upon Miss Willie O. Sims as Grantor in each of said deeds, without the knowledge nor consent of Miss Sims.

"11.

"Miss Willie O. Sims, by virtue of the fact that each of said deeds repeatedly called for the amount of acreage to be 40 acres, and that such deed having been prepared at the instance of W. E. Haggard, Miss Willie O. Sims, as Grantor in each of said deeds, was lulled to sleep by such recitations.

"12.

"The Court finds that Miss Willie O. Sims was not acquainted with field notes and descriptions and relied upon the inquiries of W. E. Haggard to purchase 40 acres each time and the recitations in each of said deeds as to the field notes only covering 40 acres of survace and ½ minerals thereunder by a mete and bound description, and that she had a right to rely upon such recitations.

"13.

"That the said Miss Willie O. Sims did not discover that the two deeds hereinabove mentioned covered more than 40 acres each until on or about the 27th day of October, 1955, and that she was diligent in bringing this law-suit, having filed it on October 1, 1958. The Court finds that in each deed there was an excess of 30.86 acres in accordance with the survey as made by Nay

Barker, which was 77.285 per cent more acres than was intended to be described.

## "14.

"The Court finds that J. B. Zachry, Sr., and J. B. Zachry, Jr., were acting as agents for W. E. Haggard and Miss Willie O. Sims in said transactions.

## "15.

"The Court further finds that W. E. Haggard, during his lifetime, and Mrs. Odie Mae Haggard, the widow of W. E. Haggard, rendered and paid taxes only on 80 acres of land in the Robert Potter Survey, Marion County, Texas.

## "16.

"The Court finds that after W. E. Haggard had Nay Barker make the survey and was informed that each of said deeds contained 70.86 acres rather than 40 acres, that the said W. E. Haggard concealed said knowledge from Miss Sims and that there was a duty upon his part to advise her immediately of the error that had been made in the field notes in each of said deeds, and that his failure to so do was a badge of fraud perpetrated on his part after his obtaining such knowledge and concealing the same from her.

## "17.

"The Court finds that W. E. Haggard left a Will, which was duly probated, in which he devised the land in controversy to Mrs. Odie Mae Haggard.

## "18.

"That had Miss Willie O. Sims known that the descriptions described more than 40 acres in each instance she would not have signed, acknowledged and delivered either of said deeds.

## "19.

"That the deeds do not reflect the real agreement entered into by and between Miss Willie O. Sims and W. E. Haggard, and that she was entitled to have said deeds reformed and recover the excess acreage conveyed by each deed.

## "Conclusions of Law

"I conclude as a matter of law:

## "1.

"The plaintiff was entitled to have reformed the two (2) deeds from Miss Willie O. Sims to W. E. Haggard, dated October 10, 1947, recorded in Vol. 145, Page 200, Deed Records of Marion County, Texas, and October 22, 1947, recorded in Vol. 134, Page 363, Deed Records of Marion County, Texas, respectively, by a Court of Equity.

## "2.

"That the plaintiff's cause of action for reformation of the two above mentioned deeds did not accrue until October 27, 1955, and the statutes of limitation did not begin to run against plaintiff until that date.

## "3.

"That the four (4) year statute of limitation was not applicable nor a defense to plaintiff's cause of action.

## "4.

"That W. E. Haggard perpetrated a fraud upon Miss Willie O. Sims without her knowledge, thereby inducing her to execute, acknowledge, and deliver the two deeds in litigation.

## "5.

"That if the Court be mistaken as to perpetration of fraud in the procuring of the two deeds from Miss Willie O. Sims to W. E. Haggard, dated October 10, 1947 and October 22, 1947, respectively, then, that there was a mutual mistake as to the execution, acknowledgment, and delivery of the deed dated October 10, 1947.

## "6.

"That J. B. Zachry, Sr. was acting as agent for the plaintiff and W. E. Haggard

in the transaction resulting in the execution, acknowledgment, and delivery by Miss Willie O. Sims to W. E. Haggard, of the deed dated October 10, 1947.

"7.

"That J. B. Zachry, Jr., was acting as agent for the plaintiff and W. E. Haggard in the transaction resulting in the execution, acknowledgment, and delivery by Miss Willie O. Sims to W. E. Haggard of the deed dated October 22, 1947.

"That W. E. Haggard, on October 27, 1947, knew that the descriptions in both deeds covered 70.86 acres of land and not 40 acres as contracted for, and did not notify the plaintiff thereof but concealed the facts, which were material to the transactions, and was, from October 27, 1947, guilty of perpetrating a fraud knowing that the plaintiff acted on the presumption that no such material facts existed and that the plaintiff as a matter of law was entitled to the relief sought by her and granted by the Court.

"8.

"That, as a matter of law, W. E. Haggard, knowing that the plaintiff was ignorant of the material facts that she was executing instruments prepared at his instance, in his favor, which conveyed 30.86 acres more in each deed then was contracted and paid for by him, was sufficient magnitude to shock the conscience of an Equity Court, and the sale having been by the acre, the phrase 'more or less' was of no force or effect and did not defeat the plaintiff's right of relief.

"9.

"That, W. E. Haggard, after having been informed by Nay Barker that the description as contained in the two deeds con ____ 70.86 acres rather than 40 acres, owed the plaintiff a duty to inform her of the mistake in the descriptions, and having rendered and paid taxes only on 80 acres, revealed fraud and the plaintiff was

entitled to the relief sought by her and granted by the Court.

"10.

"If the Court be mistaken in its Conclusion of Law in paragraph 9 above as to W. E. Haggard's acts being fraud perpetrated upon the plaintiff in the transaction, then the Court finds, as a matter of law, that the plaintiff and W. E. Haggard contracted to sell and purchase only forty (40) acres in each instance at $40.00 per acre and the insertion of the description in each deed describing 70.86 acres instead of 40 acres constituted a mutual mistake and that the plaintiff was entitled to the relief sought by her and granted by the Court.

"11.

"The Court concludes, as a matter of law, that the plaintiff held and holds a superior title to the lands included in each deed in excess of 40 acres, and that, the plaintiff is entitled to have any title to the excess acreage over and above 40 acres vested in W. E. Haggard by each of said deeds, and his heirs, divested out of the Defendant, Odie Mae Haggard, and vested in Miss Willie O. Sims, and cloud removed from her title and such title quieted in her, as prayed for.

"12.

"The Court further finds, as a matter of law, that the plaintiff, by pleadings and evidence,—oral and documentary—established by a preponderance of the evidence that she was the holder of a superior title to the lands in excess of forty (40) acres described in each of the two deeds in controversy and that, said excess lands was obtained by fraud on the part of W. E. Haggard, or by mutual mistake of the Grantor and Grantee in each of said deeds, and that the plaintiff's cause of action did not accrue until said impediments were removed and she established a right superior to that of the defendant, Odie Mae Haggard, and the defenses of the 4, 5, and 10 year statutes of limitations are not

applicable and do not constitute a defense to the plaintiff's cause of action.

"13.

"If the Court be mistaken in its conclusion of law as set forth in paragraph 12 above, then the Court concludes, as a matter of law, that the plaintiff believed that the land described in each of the deeds to be correct and did not discover until October 27, 1955 that such description contained in each of said deeds was incorrect, in that it described more than the 40 acres contracted for by the plaintiff and W. E. Haggard at $40.00 per acre, and that she, upon discovery of the material fact that said description did cover more than 40 acres, exercised reasonable diligence to discover whether or not a mistake had been made, and after having found, by the exercise of reasonable diligence, that fraud had been perpetrated upon her by W. E. Haggard, filed suit on October 1, 1958, and that limitations did not begin to run against her cause of action until October 27, 1955, and the statute of limitations of Four, Five and Ten years were not a bar to her cause of action.

"Pronounced and rendered in open court on this 6 day of June, A.D. 1959.

"Morris Ralston
Judge of the District
Court of Marion
County, Texas
76th Judicial District
of Texas."

We have carefully examined the statement of facts, and find that W. E. Haggard contacted Mr. J. B. Zachry, Sr., with reference to buying a 40 acre tract of land from Miss Sims. Mr. Zachry wrote Miss Sims and advised her that Mr. Haggard wanted to buy the land, and further asked what price she would take. She wrote back that she would take $40 per acre for the land, and reserved one-half of the minerals. There is nothing in the record as to who prepared the deeds. They were prepared at Jefferson, in Marion County, Texas, and mailed to Miss Sims in Dallas County, Texas. In the first deed the consideration is stated as $1,600 cash in hand paid, and in four places in the deed the land is referred to as being 40 acres of land. But the description in the deed actually described a tract in excess of 70 acres of land. Immediately after the first deed was executed on October 10, 1947, Mr. Haggard employed a surveyor by the name of Nay Barker to survey the tract of land described in the deed. On October 27, 1947 Mr. Barker executed an Affidavit in which he swore that the first tract of land conveyed contained in excess of 70 acres. The second deed was dated October 22, 1947, and was filed for record on October 30, 1947. Undoubtedly Mr. Haggard knew of the falsity of the descriptions in the deed before the filing of the last deed for record. In the last deed, he agreed to pay $40 per acre for 40 acres of land, and let Miss Sims reserve one-half of the minerals, and he paid that out as $400 cash, and $400 per year for three years. In the description in the second deed, it begins with "Forty (40) acres of land more or less * * *", but at the end of the description it contains the following: "* * * containing 40 acres of land and being in the Robert Potter H. R. Survey." In the description, they refer to the land as being a 40 acre tract seven times.

In a letter that was written by J. B. Zachry, Sr., to Miss Sims, she was advised that the $40 per acre was more than Haggard had expected to pay, but he wanted the land.

The trial judge entered judgment reforming each of the deeds so as to include exactly 40 acres of land, divesting out of Haggard any title to the excess 61.547 acres, and vesting such title in appellee. Appellant excepted and gave notice of appeal. She has perfected her appeal and brings forward seven points of error. By point one she claims the court incorrectly held that the four year statute of limitations was not applicable nor a defense to

appellee's cause of action. Miss Sims testified that at the time she signed the deeds that she did not know how much land was described in the deeds, but relied upon the 40 acres in the deeds and the consideration at $40 per acre. She further testified that she did not sell, nor intend to sell, more than 40 acres of land, and that it was her intention to execute a deed to the 40 acres of land in each instance. She further testified that she did not know about the excess acreage in the deeds until the summer of 1957. But she did testify that a cousin, J. B. Doughtry, Jr., advised her about the excess acreage, and his testimony was that it was shortly after a man by the name of J. L. Wilson sold a tract of land in the vicinity of the two 40 acre tracts. The evidence shows that his deed was dated October 27, 1955. She filed her suit on October 1, 1958. This is not a suit in trespass to try title, but one in the reformation of a deed. The authorities hold that limitation does not begin in such a case until after the mistake or fraud is removed, or notice has come to the injured party and continued to run for more than four years. Hutchins v. Birdsong, Tex.Civ.App., 258 S.W.2d 218, error refused, n. r. e.; Sherman et ux. v. Sipper, et al., 137 Tex. 85, 152 S.W.2d 319, 137 A.L.R. 263; Courseview, Inc. v. Phillips Petroleum Co., Tex., 312 S.W.2d 197; Cartwright v. Minton, Tex.Civ.App., 318 S.W.2d 449, error refused, n. r. e. The point is overruled.

■ By her third point, the appellant complains of the action of the trial court in holding that appellee held superior title to the land and was entitled to judgment against appellant for the 61.547 excess acres, because the evidence by the appellee proved that the land was jointly owned by the appellee and Mrs. Fannie Sims, if by anyone. We think this point and point number one are the only two points necessary to discuss in arriving at a decision in this case. We think that this point is well taken. The title was proved to be in Mrs. Fannie Sims by Willie O. Sims. The question is well settled by the following cases: Atkinson v. Shelton, Tex.Civ.App., 160 S. W. 316, error refused; Simms v. City of Mt. Pleasant, Tex.Civ.App., 12 S.W.2d 833, error dismissed; Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435; Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W.2d 958; 7 Tex.Jur. 974, Sec. 55; 34 Tex.Jur. 834, Sec. 21. The point is sustained.

■ We have carefully examined all of the other points raised by the appellant, and find them to be without merit, and they are respectfully overruled. If we are mistaken in the fact that some disposition should be made of the title proved to be in Mrs. Fannie Sims, we would affirm the judgment of the trial court. The appellee proved a part of the title to be in Mrs. Fannie Sims, and she is bound by such proof. Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500, w. r., n. r. e. The judgment of the trial court is reversed and the cause is remanded, and one-half of the cost of this appeal is taxed against the appellant and one-half is taxed against the appellee.