**SOUTHWEST BANK & TRUST COMPANY and Ronald Umphress, Appellants,**

**v.**

**ENGINEERING ASSOCIATES, INC., Appellee.**

**No. 5679.**

Court of Civil Appeals of Texas, Waco.

March 31, 1977.

Rehearing Denied April 28, 1977.

John B. Hawley, Parnass & Fowler, Irving, for appellants.

Henry C. Meyer, III, Wynn, Brown, Mack, Renfro & Thompson, Fort Worth, for appellee.

HALL, Justice.

Engineering Associates, Inc., appellee, brought this suit against appellants Southwest Bank & Trust Company and Ronald Umphress on the theory that Umphress, acting for Bank, intentionally misrepresented and concealed the true financial condition of Circuit Industries, Inc., causing appellee to extend credit to Circuit, and resulting in the damages sought. Among other defenses, appellants pleaded the two-year statute of limitation. Jury trial resulted in findings favorable to appellee on the elements of its cause of action and on the limitation question. Judgment was rendered on the verdict awarding appellee $10,000 actual damages and $2,500 exemplary damages. We affirm.

In their first point of error, appellants assert that the evidence establishes their two-year limitation defense as a matter of law.

The suit was filed November 18, 1974. There is evidence showing that in early 1972, an officer of Circuit requested appellee to supply certain manufacturing materials to Circuit on credit. Appellee's president, Yates, checked with several usual credit sources, including Dun & Bradstreet. Circuit had not supplied current financial information to Dun & Bradstreet, and Yates was unable to obtain sufficient information from the sources to make a decision. He returned to Circuit's president, Ferguson, who told him in substance that Circuit was paying its current obligations, had current liabilities of only $23,000, and was in a good cash-flow position. Ferguson also said that Garcia Corporation had recently advanced Circuit $100,000 on a manufacturing contract. Yates pressed for references, and Ferguson referred him to appellant Bank, instructing him to "talk to only Mr. Umphress." Soon thereafter Yates contacted Umphress, who was Bank's executive vice-president. He was told by Umphress that Circuit maintained its business checking account in a satisfactory manner, that Circuit had received the $100,000 advance from Garcia and it was deposited in Bank (purportedly to Circuit's credit), and that Circuit was repaying its past loans to Bank satisfactorily. Unknown to Yates, these statements were false. At this time, Umphress owned at least 17,000 shares of stock in Circuit representing a cash investment of $50,000, was a former director of Circuit, had knowledge of Circuit's financial condition, and had recently signed a contract under which Circuit would manufacture a product from materials that Circuit was asking appellee to supply on credit. Also at this time, the Board Chairman and another director of Bank were substantial shareholders in Circuit, and Bank had possession of records, controlled by Umphress, showing the true financial condition of Circuit (which was poor), but these records were not open to the public. Relying upon the information received from Umphress, appellee sold to Circuit on credit and the goods were shipped. Circuit did not pay, and in late June, 1972, appellee stopped further shipments. Appellee was one of the petitioning creditors in a bankruptcy proceeding filed against Circuit in November, 1972. The final meeting of creditors in the bankruptcy was on September 23, 1974.

■ A cause of action based on actionable fraud accrues when the fraud is discovered, or by the exercise of reasonable diligence should have been discovered. *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 321 (1941).

■ Yates testified directly that it was in June, 1973, when he first received information which finally led to his discovery that Circuit did not maintain an active checking account at Bank and that the

$100,000 advance from Garcia Corporation was not in fact deposited with Bank to Circuit's credit. This testimony is inferentially corroborated by other proof. It raises a fact question on the limitation issue. Appellants argue in effect that Yates was charged with knowledge of their deception as a matter of law when he learned in the summer and fall of 1972 that Circuit could not pay its bills and possibly was bankrupt. We disagree. These facts might tend to dispute Yates's testimony, but they do not conclusively refute it. It is reasonably inferable from the record that Yates first began to learn of the fraud from the bankruptcy proceeding proper, in June, 1973, and that he acted diligently in the matter.

Appellants' first point is overruled.

In their second point, appellants assert that the record conclusively shows that appellee failed to exercise ordinary care in checking Circuit's "credit worthiness", thereby negligently contributing to the damage in question. Although we do not agree with this contention, it is immaterial and we overrule it on this ground. Where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by asserting that the party defrauded might have discovered the truth by the exercise of proper care. *Isenhower v. Bell,* 365 S.W.2d 354, 357 (Tex.Sup.1963); *Rattan v. Bosley,* 446 S.W.2d 345, 347 (Tex.Civ.App.—Waco 1969, no writ).

Appellants' remaining complaint was not preserved for appellate review.

The judgment is affirmed.