# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00071-CV

**Marian Swanson and Claudia Romain, Appellants**

**v.**

**Stouffer & Associates, LLP, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. C2009-0653B, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Marian Swanson and Claudia Romain (Swanson and Romain) appeal a district court order granting summary judgment in favor of Stouffer & Associates, LLP on Swanson and Romain's claims of negligent misrepresentation and negligence in the preparation of a real-estate appraisal report. We will affirm the district court's summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Swanson and Romain began negotiations to purchase an RV park. They sent Swanson's husband Tim, who is a licensed real-estate agent, to examine the property, speak with the owner, and make a recommendation about whether to purchase the park. Swanson and Romain decided to move forward with the deal and obtained a purchase-money lender, which hired Stouffer to appraise the property. Stouffer examined the property for the lender and, finding "no negative

aspects," supplied its Summary Appraisal Report directly to the lender. Swanson and Romain purchased the property in November 2006.

Swanson and Romain began to operate the RV park, hiring Tim Swanson to manage it and coordinate its expansion. In July 2007, Swanson and Romain added more RV rental spaces to the park. When the additional vehicles were connected to the septic system, it malfunctioned and ultimately failed. The park was shut down until the septic system and other related utility units could be repaired. Swanson and Romain assert that they discovered, through a search of county records, that a majority of the septic system had never been properly permitted by the previous owners, had insufficient capacity, and had been operated illegally. Additionally, Swanson and Romain found that the property had been subdivided into five parts and needed to be reunited into one parcel in order to properly permit the septic system. Swanson and Romain claim that the cost to correct these problems and the profits lost while the park was shut down totaled approximately $700,000.

In May 2009, Swanson and Romain sued Stouffer for negligent misrepresentation and negligence arising from Stouffer's appraisal. Swanson and Romain alleged that Stouffer should have either discovered the septic system and land division issues and disclosed the problems in the appraisal report or made clear that it made certain "extraordinary assumptions" about the property in the report. Stouffer moved for summary judgment, claiming among other things that the suit was barred by a two-year statute of limitations running from November 2006 when the real-estate contract closed. Swanson and Romain asserted that the discovery rule applied to defer accrual of the claim until July 2007 when the deficient septic system first malfunctioned.

The trial court determined that the discovery rule did not toll the statute of limitations and that Swanson and Romain's claims are time barred. The court granted Stouffer's motion for summary judgment, from which Swanson and Romain now appeal.

**DISCUSSION**

*Standard of Review*

To prevail on a motion for summary judgment, a movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The standard of review for summary judgment requires that we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A movant pleading the affirmative defense of limitations must both conclusively establish that defense *and* negate the discovery-rule exception if it is pleaded by the non-movant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A movant negates the discovery rule by showing that there is no genuine issue of material fact concerning when the plaintiff discovered, or should have discovered, the injury. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

*Statute of Limitations*

The statute of limitations is two years for negligence and negligent misrepresentation claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *FDSTO, Inc. v. Blakeslee*, No. 03-00-00552-CV, 2001 Tex. App. LEXIS 3728, at *7 (Tex. App.—Austin June 7, 2001, no pet.) (not designated

for publication). Stouffer argues that this cause of action accrued on the date ownership of the property transferred to Swanson and Romain in November 2006. Thus, the two-year statute of limitations would require that Swanson and Romain's claim be filed by November 2008 in order to be timely. Swanson and Romain filed their claim in May 2009 but contend that the discovery rule tolls the statute of limitations.

The discovery rule provides a narrow exception to the normal limitations bar by deferring the accrual of a cause of action until the time that a plaintiff knew or should have known, through reasonable diligence, about the facts giving rise to the injury. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). Here, Swanson and Romain claim that Stouffer was negligent because it failed to notify them of any abnormalities with the land and septic systems. When a plaintiff's claim is based on a failure to notify, the plaintiff "knows or should have known of the failure to notify when it knows or should have known the facts about which it was to be notified." *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).

***The Discovery Rule is Negated Because the Injuries were Not Inherently Undiscoverable***

The Texas Supreme Court has articulated a "unifying principle" that guides the application of the discovery rule: the rule applies to those claims in which "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Computer Assocs. Int'l*, 918 S.W.2d at 456; *see also S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996). At the outset, we ask whether the injuries alleged by Swanson and Romain—the lack of septic system permits and the subdivision of the land—were inherently undiscoverable. Injuries are rarely found to be inherently undiscoverable, and therefore, the discovery rule has been permitted only in limited

4

circumstances. *See FDSTO, Inc.*, 2001 Tex. App. LEXIS 3728, at *10 (citing *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988) (applying rule to attorney-client relationship); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976) (allowing rule for claim involving false credit report and short statute of limitations); *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex. 1972) (permitting rule in botched vasectomy medical-malpractice case); *Gaddis v. Smith*, 417 S.W.2d 577, 580-81 (Tex. 1967) (adopting rule in foreign-objects medical malpractice case)).[1] Swanson and Romain argue that their injuries are among the few types that are inherently undiscoverable; thus the discovery rule serves to defer the accrual of the case of action. We disagree.

The inherently undiscoverable requirement encompasses two basic components—the general nature of the injury and the reasonable diligence exercised by the injured party. *See S.V.*, 933 S.W.2d at 7 ("An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence."); *see also AT&T Corp. v. Rylander*, 2 S.W.3d 546, 556 (Tex. App.—Austin 1999, pet. denied) ("It is not enough that the particular injury complained of is not discovered; rather, the question is whether the injury is of the type that is generally discoverable by the exercise of due diligence.").

The emphasis on the nature of the injury requires that we evaluate the general category into which the injury complained of falls, rather than examine the specific injury itself. Stated differently, "the applicability of the discovery rule is determined categorically" by examining

---

[1] Both *Hays* and *Gaddis* have been superseded by the Medical Liability Act, which abolished the discovery rule and instituted a repose period for health care liability claims governed by the Act. *See* Tex. Civ. Prac. & Rem. Code § 74.251; *see also Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 298 (Tex. 2010).

"particular types of cases rather than . . . a particular case." *HECI*, 982 S.W.2d at 886. Therefore, we must determine whether the underlying injuries here—unpermitted septic systems and unknown land subdivisions—are of the general types of injuries that are inherently undiscoverable. We conclude that they are not.

As both Swanson and Romain and Stouffer have acknowledged, septic tank permits can be found (or, as in this case, their absence can be determined) by a search of publicly available county records. Similarly, land subdivision information can be obtained through a search of public records. This is true both as a matter of general knowledge about public documents and, in the instant case, is further proven by Marian Swanson's own admission and the fact that she was able to discover the documents when she undertook to search the public records. Although it is the general nature or category of an injury that is the primary target of the discovery-rule inquiry, the specific details in the case before us bolster the trial court's conclusion that the type of injury Swanson and Romain complain of was not inherently undiscoverable.

When the RV park's septic system failed in July 2007,[2] Swanson and Romain received a notice from Comal County that the system had overloaded. Marian Swanson stated in her deposition that, upon receipt of that notice, she went to the Comal County courthouse to search for the septic-tank permits. Swanson testified that her search yielded the discovery of only one permit for tanks, when there should have been several, and that the others were missing because they had never been obtained. Swanson admitted that the permit was in the public record prior to her purchase of the land in 2006 but that she never searched for the documents before buying the park.

---

[2] Notably, this first failure occurred within the two-year limitations period.

6

Had she done so, she could have, through public records, been alerted to the information about the missing tank permits prior to purchasing the property. Similarly, records showing land subdivisions are generally available for public review. Swanson admitted that she eventually discovered that the property was divided into five parcels. She argues that because that discovery took several weeks and required the assistance of public officials and private investigators, the injury was inherently undiscoverable. But she also admits that the same documents are "normally on file with the county." We agree that the documents can normally be found in the county records and thus need go no further in this portion of our analysis—records showing property subdivisions are typically available to the public, and thus the relevant documents, which are in public records, were discoverable.

The second component in evaluating whether an injury is inherently undiscoverable examines the injured party's due diligence. As a general category, information contained in public records can be ascertained through reasonable diligence and thus is not inherently undiscoverable. *See Sherman v. Sipper*, 152 S.W.2d 319, 321 (Tex. 1941) (noting that "well settled is the rule that where a person has a right in property, when the records relating to . . . title are open to him he must exercise reasonable diligence . . . [and if] he could have discovered [a] defect . . . he is held to have known it, and limitation will run against his claim from the time he could have made such discovery by the exercise of ordinary diligence"). Indeed, Swanson and Romain found the records when they undertook to look for them. Under these facts, Swanson and Romain failed to exercise reasonable diligence prior to purchasing the RV park in discovering the defects they now blame Stouffer for failing to inform them about. As potential owners of the property, Swanson and Romain had an obligation to exercise reasonable diligence related to their financial interests, particularly when

7

those interests included operating a profitable commercial enterprise. *Cf. Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 736–37 (Tex. 2001) (finding that royalty owners have obligation to protect their financial interests through reasonable diligence, even when information is not available through public source). That Swanson and Romain did not discover the facts that they now allege to have resulted in this particular injury does not mean the injury was inherently undiscoverable—it simply reveals a less than diligent search. We find that Swanson and Romain's efforts to obtain information related to the injuries sustained were not reasonably diligent.

Having determined that Swanson and Romain's injuries were not inherently undiscoverable, we need not reach the second prong of the discovery-rule inquiry—whether the injuries were objectively verifiable. *See Computer Assocs. Int'l*, 918 S.W.2d at 458 (declining to reach question of whether evidence was objectively verifiable after having found that trade-secret-misappropriation claims were not inherently undiscoverable).

***The Summary Judgment Burden was Met Despite an Absence of Documents***

Swanson and Romain further argue that the trial court erred in granting summary judgment because Stouffer did not show that evidence of the previous owner's negligence (in not obtaining septic-system permits) and the plat for the property would have been discoverable through the county records at the time the contract was signed. Stouffer bore the burden to negate the discovery rule by showing that there is no genuine issue of material fact as to when Swanson and Romain discovered, or should have discovered, the alleged injury. *See KPMG*, 988 S.W.2d at 748. As set forth above, the evidence shows that the injuries Swanson and Romain allege were not inherently undiscoverable, i.e., the general category of information at issue could have been

8

discovered by Swanson and Romain at the time the property was purchased had they exercised due diligence. An evaluation of inherent undiscoverability focuses on the general nature of an injury, not on the specific injury. *See S.V.*, 933 S.W.2d at 7. Generally, the types of records in question here are available to the public. That they may have been difficult to find in this particular case is immaterial to our evaluation of the application of the discovery rule and of the summary judgment. Stouffer has satisfied its burden.

## CONCLUSION

The evidence presented negates the discovery rule exception pleaded by Swanson and Romain. Because we find that the suit is barred by the statute of limitations, we need not address the additional issues raised by Swanson. We affirm the trial court's order granting Stouffer's motion for summary judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: May 30, 2014